## Commonwealth v. Roos, Exec.

*A. B. Shaw*, for Commonwealth.

*Clarence R. Kramer*, for defendant.

SMITH, P. J., March 27, 1939.—This case arises on an affidavit of defense raising questions of law. Plaintiff's statement declares for the sum of $49 which the Commonwealth seeks to recover from the estate of John A. Roos. The statement of claim pleads that this amount was paid by the Department of Public Assistance to John A. Roos "under the provisions of the Old Age Assistance Laws of this Commonwealth", for the several months beginning with June 1, 1937, and ending with December 1937, at the rate of $7 per month. So far as all payments are concerned, except that for the month of June 1937, our opinion in the case of Commonwealth v. Bell, 35

D. & C. 146, disposes of the several questions involved, the facts being similar and the only difference being that in this case the specific type of assistance is pleaded.

In regard to the one $7 payment for June 1937, however, a different situation appears. We note that the statement of claim is inaccurate in averring payment for this period by the Department of Public Assistance, because that department was not in existence until July 1, 1937, under the Public Assistance Law of June 24, 1937, P. L. 2051, creating it. However, this inaccuracy is comparatively a minor one and may be amended, and we shall therefore proceed to consider the question involved as if it were properly pleaded that this $7 had been paid by the public agency then having charge of such matters.

The payment in June 1937 must have been made under the Old Age Assistance Law of June 25, 1936, P. L. 28. In section 15 of that act we find the following:

"Section 15. Liability of Beneficiary and Estates.— The real and personal property of any beneficiary shall be liable for the repayment of assistance received under this act, or the act repealed by this act, whether such property was owned at the time such assistance was granted or acquired thereafter. Claims for assistance furnished shall have the same force and effect against the real and personal property of a deceased beneficiary, as other debts of a decedent, and shall be recoverable in the same manner . . .".

It, therefore, appears that the same act under which the grant of assistance was made expressly makes the recipient and his estate liable for repayment.

The Public Assistance Law of 1937, supra, sec. 18, repeals various acts of assembly, and among them the Act of 1936, supra. The effective date of the Public Assistance Law which would apply to this repeal was, in its section 17, fixed as July 1, 1937. It has been argued in this and another similar case that by virtue of this repeal the right of action for payments made under the Act of 1936 must be under the provisions of section 4

of The Support Law of June 24, 1937, P. L. 2045. As we have stated in our opinion in Commonwealth v. Bell, supra, this last statutory provision must be deemed prospective as of June 24, 1937, and it is inclusive of all types of public assistance, not referring specifically to old-age assistance.

The contention so made overlooks the effect of section 16 of the Public Assistance Law. In section 16(a) we find the following:

"The provisions of this act, so far as they are the same as those of existing laws, are intended as a continuation of such laws and not as new enactments. The repeal by this act of any act of assembly, or part thereof, shall not revive any act, or part thereof, heretofore repealed or superseded. The provisions of this act shall not affect any act done, liability incurred, or right accrued or vested, or affect any suit pending, or to be instituted to enforce any right or penalty or punish any offense under the authority of such repealed laws."

It therefore appears that the same act of assembly which repeals the 1936 act contains the express preservation of the liability accrued under it. No good reason has been advanced for holding inoperative this preservation of the right to recover which the 1936 act gave the Commonwealth. We note that such right has been recognized and enforced in several cases: Drace's Estate, 46 Lanc. L. R. 315; Estate of Elizabeth K. Ritchie, Orphans' Court of Montgomery County, 1938; and Estate of Wm. N. Waits, Orphans' Court of Westmoreland County, 1938.

## Order

And now March 27, 1939, in accordance with opinion herewith, the affidavit of defense raising questions of law is overruled. Leave is granted plaintiff to amend the statement of claim as to the payment of June 7, 1937, within 10 days, following which defendant shall have 15 days to file an affidavit of defense to the merits.